IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JAN 09 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| LOUIS DeROSIER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 13-215-M-DWM-JCL<br><br>ORDER |

This matter comes before this Court on Petitioner Louis DeRosier's writ of habeas corpus under 28 U.S.C. § 2254. DeRosier is a state prison proceeding pro se. United States Magistrate Judge Lynch recommends denying the petition on the merits and denying a certificate of appealability. (Doc. 14.)

DeRosier is entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

1

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). On November 25, 2014, having received no objections from DeRosier, this Court reviewed Judge Lynch's Findings and Recommendations for clear error and adopted them in full. (Doc. 15.) DeRosier's petition was denied and judgment was entered in favor of the respondents. (Docs. 15 and 16.) On December 15, 2014, DeRosier filed a Rule 60 motion, alleging he never received Judge Lynch's Findings and Recommendations and requesting an opportunity to object. (Doc. 17.) That motion was granted, (Doc. 18), and on January 5, 2015, DeRosier filed his objections, (Doc. 19).

In his objections, DeRosier insists his constitutional due process rights were violated by both defense counsel and the State in that both failed to put on expert testimony as to how his pre-existing knee condition could have caused his poor performance on the "standing leg raise" and "walk and turn" tests. DeRosier further contends defense counsel was ineffective for not objecting to the admission of his pre- and post-*Miranda* statements. Finally, DeRosier insists that he has made "a substantial showing of the denial of a constitutional right," and, therefore, a certificate of appealability should be granted.

As to his statements, DeRosier's objections fail to address any of the analysis provided by Judge Lynch. Most importantly, even if his statements were

suppressed, DeRosier has failed to show a reasonable probability that a reasonable jury would have retained reasonable doubt. Even if the jury did not hear DeRosier testify to the fact that he had four Twisted Teas, *see* Trial Tr. at 231:7-8, the State put on additional evidence to support a finding that DeRosier was driving under the influence of alcohol. This evidence included Sergeant's Hildenstab's observations at the time, Trial Tr. at 201:1-12, as well on DeRosier's performance on numerous sobriety tests, *see* Booking DVD at 15:41:32-15:46:14. DeRosier has failed to show that the Montana Supreme Court's consideration of this issue, and its potential prejudice, was unreasonable.

DeRosier further argues that an expert should have been required to testify as to how the condition of his knees may have impacted his performance on certain sobriety tests. Even though this issue was not raised in his federal petition, it will be construed as a claim. *Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008). Construing this as a claim, the Court must consider the issues of exhaustion and procedural default. Having reviewed the state court record, it is clear DeRosier did not raise this claim in state court. But even if his claim is correct and an expert would have given an opinion that some of the evidence of intoxication was related to the condition of his knees rather than his blood alcohol content, that opinion would not be sufficient to establish actual innocence. *Schlup v. Delo*, 513 U.S.

298, 329 (1995) (requiring a showing that "no reasonable juror would have found the defendant guilty" in light of the new evidence). Nor could it show sufficient prejudice to warrant a new trial. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As discussed above, the prosecution presented a diverse array of evidence that would support a finding that DeRosier was driving under the influence, including Sergeant Hildenstab's testimony and the portions of the Booking Video not related to the two standing tests.

Further, the record indicates that the jury had the opportunity to consider whether the condition of DeRosier's knees impacted his ability to perform the sobriety tests. The Booking Video includes a discussion at the very beginning between Sergeant Hildenstab and DeRosier regarding whether DeRosier had any disabilities and the condition of his knees. Booking DVD, 15:39:20-15:40:00. The prosecutor expounded on this discussion in his direct examination of Sergeant Hildenstab, highlighting the portion of the video where DeRosier agreed with Sergeant's Hildenstab's assessment of the condition of his knees as "normal wear and tear." Trial Tr. at 216:10-25. Defense counsel also questioned DeRosier about his knees, and DeRosier testified that he believed their condition interfered with is ability to perform the "walk and turn" and the "one leg stand" tests. *Id.* at 234:2-17.

Finally, DeRosier fails to show how, even if he has met the low threshold of showing he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), any doubt remains as to the Montana Supreme Court's procedural ruling, *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 14) are ADOPTED IN FULL. DeRosier's petition for writ of habeas corpus (Doc. 1) is DENIED for lack of merit.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 9th day of January, 2015.

Donald W. Molloy, District Judge
United States District Court